**Commonwealth v. Brown, Jr.**

*Salvador J. Salazar,* for Commonwealth.
*George K. Keenan,* for appellant.

WILLIAMS, J., April 24, 1972.—Defendant was charged with a violation of section 1001(.1) of The Vehicle Code, reckless driving. At the conclusion of a hearing before the district magistrate on January 31, 1972, defendant was adjudged guilty and paid fine and costs in the sum of $25.

On February 10, 1972, defendant's attorney filed in the office of the clerk of the courts and personally served upon the magistrate a notice of appeal as required by the Minor Judiciary Court Appeals Act of December 2, 1968 (No. 355), 42 PS §3001, et seq.

The magistrate's transcript is dated and certified February 11, 1972; however, the same was not filed with the clerk until the twentieth day, March 1, 1972. A copy of the transcript was sent by certified mail and received by defendant's attorney on March 4, 1972. This matter came to hearing before the court on the appeal pursuant to section 3(f) of the act on April 5, 1972. At the beginning of the hearing defendant made an oral motion to dismiss the appeal for failure of the magistrate to serve a copy of the transcript upon defense counsel within 20 days after receiving notice of the appeal.

Section 3(d) of the Minor Judiciary Court Appeals Act provides as follows:

"(d) The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings, the amount of fines and costs and bail received in said case, if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by the defendant, if any; he shall also serve personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant."

Subsection (e) provides that:

"The failure of the issuing authority to file the transcript and other papers of the proceeding as required above shall result in rendering the conviction a nullity . . ."

In Commonwealth v. Fenstermaker, 47 D. & C. 2d 341, 39 Northampton Co. Rep. 86, this court held that the requirement that a magistrate serve a copy of the transcript on defendant or his counsel was mandatory and, upon failure of the magistrate to do so, the appeal should be dismissed.

Defendant contends that Fenstermaker is authority for the proposition that a copy of the transcript must be served upon defense counsel within 20 days from the date the magistrate receives notice of the appeal. In Fenstermaker, however, the magistrate had never served a copy of the transcript upon defendant, while in the present case the letter to counsel forwarding a copy of the transcript was dated on the twenty-first day and received on the twenty-third day after counsel served notice of the appeal.

The clause of paragraph (d) requiring the magistrate to serve a copy of the transcript upon defendant or his counsel is separated grammatically from the filing requirements by a semicolon, indicating that it is a related but independent clause. It appears that three interpretations of the clause are possible: (a) the copy of the transcript must be actually received by defendant or counsel within the 20-day period; (b) the copy must be mailed by certified mail within the 20-day period, or (c) the 20-day period does not apply and the copy must be served within a "reasonable time" after the magistrate receives notice of appeal.

We reject the first interpretation because it would make effective service depend upon the uncertain vagaries of the United States Postal System and would effectively shorten the period for the magistrate to pre-

pare his transcript to one considerably less than 20 days. The alternative of personal service of the copy is not an available alternative when both defendant and his counsel may reside not only out of the county but outside of the Commonwealth. We reject the third alternative because it would require a case by case determination of what was "reasonable" service and would not comport with the stated purposes of the act to establish a uniform procedure for appeals. In our opinion, alternative (b) does so. The proper mailing of a copy of the transcript within the 20-day period can be easily demonstrated, provides a fixed rule and does not prejudice defendant.

In the present case, the copy of the transcript was mailed to counsel for defendant after the 20-day period and the appeal must be sustained.

## ORDER OF COURT

And now, April 24, 1972, defendant's motion to dismiss the complaint is granted and the Clerk of the Courts is directed to return the bail posted by defendant.